**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LEI ZHANG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2484-D** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Petitioner Lei Zhang, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Timothy D. DeGiusti referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Respondents moved to dismiss, Doc. 8, and Petitioner responded, Doc. 9. So the matter is at issue.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons below, the undersigned recommends that the Court dismiss Petitioner's repeated and previously available claims as an abuse of the writ and deny his prolonged-detention claim on the merits.

## I. Factual background and procedural history.

Petitioner is a native and citizen of China who alleges a violation of his Fifth Amendment Due Process rights based on his arrest without a warrant or pre-deprivation hearing and the length of his detention. Doc. 1, at 6; Doc. 8, Ex. 1, at 2. He seeks his immediate release. Doc. 1, at 7. Petitioner filed a habeas petition in this Court in May 2026. *Zhang v. U.S. Dist. Ct.*, No. 26-cv-1022-D (*Zhang I*). This Court granted the petition in part and ordered Respondents to provide Petitioner with a prompt bond hearing. *Id.* at Doc. 12 (Order issued Aug. 11, 2026). Petitioner received a bond hearing on August 18, 2026, and the immigration judge (IJ) denied bond. Doc. 8, Ex. 2.

## II. Analysis.

Respondents urge the Court to dismiss the petition as an abuse of the writ. Doc. 8, at 5-7. The undersigned agrees.

"The principle called 'abuse of the writ' developed in case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255." *Salomov v. Blanche*, No. CIV-26-1632-R, 2026 WL 2667458, at *4 (W.D. Okla. Sept. 10, 2026) (citing *Calderon v. Thompson*, 523 U.S. 538,

554, 558 (1998)), *adopted by* 2026 WL 2825767 (noting the statutory provisions applicable to § 2254 "do not govern" § 2241 proceedings, but may "inform [judicial] consideration" of the abuse of the writ doctrine).[3] The abuse-of-the-writ doctrine allows a court to dismiss successive § 2241 claims raised in a prior petition as well as any new "claim that could have been presented in an earlier petition but was not." *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010). While "the government bears the burden of pleading abuse of the writ," once it does so, "[t]he burden to disprove abuse then becomes petitioner's." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). To excuse the omission of a claim from an earlier petition, Petitioner must demonstrate cause for failing to raise the claim and resulting prejudice. *Stanko*, 617 F.3d at 1271 (Petitioner must "establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim."). Alternatively, he must establish that declining to consider the claim would result in a "fundamental miscarriage of justice." *McCleskey*, 499 U.S. at 494-95.

[3] 28 U.S.C. § 2244(a) itself "does not bar [an immigration] petitioner's new § 2241 habeas challenge since it only applies to a petitioner who is in detention 'pursuant to a judgment of a court of the United States,' and [an immigration] petitioner's detention is not pursuant to such a judgment." *Lopez Galvan v. Figueroa*, No. CIV-26-943-HE, Doc. 11, at 3 n.3 (W.D. Okla. June 17, 2026) (citing *Ackerman v. Novak*, 483 F.3d 647, 650 (10th Cir. 2007)).

Here, Respondents have borne their burden to plead abuse of the writ. *Id.* at 494; *see* Doc. 8, at 5-7, 11 (noting that Petitioner's due process challenge is "essentially the same" as his prior petition).

Although Petitioner's argument is not all that clear, he appears to raise a similar due process claim to his first petition. Doc. 1, at 6-7 (challenging Petitioner's arrest and detention procedures and requesting release); *Zhang I*, Doc. 1, at 7-8 (challenging Petitioner's arrest procedures and lack of a hearing and requesting release or, in the alternative, a bond hearing). Petitioner's due process claims were adjudicated in his first petition and resulted in the Court granting him a bond hearing. *Zhang I*, Doc. 12.

Petitioner also raises two new grounds for relief: warrantless arrest and excessive length of detention. Doc. 1, at 7. However, Petitioner's warrantless arrest claim "could have been presented in an earlier petition but was not." *Stanko*, 617 F.3d at 1269. In his response, Petitioner claims only that his warrant did not have a valid certificate of service. Doc. 9, at 4. However, "the relevant question is whether the warrant was issued," not whether Petitioner was "given the warrant." *Torres Ortega v. U.S. Dist. Ct.*, No. CIV-26-2243-J, 2026 WL 2993549, at *1 (W.D. Okla. Oct. 5, 2026). Regardless of the merits of

Petitioner's warrant-related allegation, he has not explained why its factual basis was unavailable when he filed his first petition.[4]

Petitioner's challenge to the length of his detention is not an abuse of the writ. *See Lo Dai Ping v. Mullin*, No. CIV-26-1593-R, 2026 WL 3207032, at *1 (W.D. Okla. Oct. 26, 2026) (declining to dismiss as an abuse of the writ a prolonged-detention claim that only became ripe after adjudication of the first petition); *Herdem v. Lyons*, No. 4:26CV3158, 2026 WL 2234435, at *5 (D. Neb. Aug. 4, 2026) (same). Petitioner was transferred to ICE custody on March 16, 2026, and has now been detained over seven months. Doc. 8, Ex. 1, at 3. Petitioner's appeal of his removal order to the Board of Immigration Appeals is still pending. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 28, 2026). So he remains detained under 8 U.S.C. § 1226(a). *See, e.g.*, *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) (holding that the statutory authority under § 1226(a) for the petitioner's initial detention remained while the petitioner was appealing his removal order); *see also Zhang I*, Doc. 12, at 2 ("[T]he Court agrees that Petitioner is detained pursuant to 8 U.S.C. § 1226"). Petitioner

---

[4] The undersigned notes that Respondents did not file a copy of the I-200 warrant for Petitioner's arrest.

received a bond hearing under § 1226(a) before an IJ, at which the IJ found that Petitioner was a flight risk. *See* Doc. 8, Ex. 2.[5] Because Petitioner's removal order is not yet administratively final, he cannot challenge the length of his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Petitioner's continued detention under § 1226(a) does not become unconstitutional merely because he remains detained after an individualized bond hearing. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (denying relief and questioning whether "duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations"). Although prolonged detention may require additional procedural protections in particular circumstances, *see Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020), Petitioner must identify a constitutional deficiency beyond the mere continuation of detention following a custody review. *Id.* at 853 (requiring additional process where petitioner's detention continued for 15 months and bond was denied for "lack of information"); *Borbot*, 906 F.3d at 279. The Court

---

[5] In his petition, Petitioner alleges that his bond hearing was held in front of a "[b]iased IJ." Doc. 1, at 6. However, Petitioner does not raise the sufficiency of his bond hearing as a claim for relief. *Id.* at 7. To the extent that Petitioner challenges the outcome of his bond hearing, the Court lacks jurisdiction to review the IJ's decision to deny bond. *Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012).

should therefore dismiss Petitioner's excessive length of detention claim on the merits.

The Court should therefore grant Respondents' motion to dismiss all claims except for Petitioner's excessive length of detention claim. The Court should deny the petition as to that claim. *See, e.g.*, *Salomov*, 2026 WL 2825767, at *1 (dismissing second petition as an abuse of the writ where petitioner raised or could have raised same claims in first proceeding); *Mannu v. Gantt*, No. 26-cv-2068-JD, Doc. 8 (W.D. Okla. Sept. 10, 2026) (dismissing second petition as abuse of the writ after first petition was granted in part and Petitioner was provided a bond hearing); *Chiniakov v. Lyons*, No. 26-cv-4106-DMK, 2026 WL 2525611 (C.D. Cal. Aug. 26, 2026) (denying petition as abuse of the writ where Petitioner raised new claims that could have been raised in the first petition).

## III. Recommendation and notice of right to object.

The undersigned recommends that the Court grant Respondents' motion to dismiss as to Petitioner's repeated and previously available claims and dismiss those claims as an abuse of the writ. The undersigned further recommends that the Court deny Petitioner's prolonged-detention claim on the merits.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 19, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 29th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE